**FILED**

SEP 2 7 2005    NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| GLENVIEW CAR WASH | ) ) |
| Defendants. | ) ) |

**05C 5568**

CIVIL ACTION NO.

**COMPLAINT**

**JURY TRIAL DEMANDED**

JUDGE RONALD GUZMAN

MAGISTRATE JUDGE NOLAN

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to a class of male employees who were adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that The Glenview Car Wash, Inc. ("Glenview") subjected Diego Perez, Fidencio Atimo, and Elmer Bettencourt (collectively referred to hereafter as "Charging Parties"), and a class of male employees to harassment on the basis of sex. EEOC also alleges that Glenview retaliated against Charging Party Elmer Bettencourt and a class of employees by terminating their employment.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices hereafter alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. Section 2000e-5(f)(1) and (3).

4. At all times relevant, Glenview has continuously been doing business in the Northern District of Illinois and has continuously had at least fifteen employees.

5. At all times relevant, Glenview has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Parties filed charges with the Commission alleging violations of Title VII by Glenview. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August 1988, Glenview has engaged in unlawful employment practices at its car wash facility at 1820 Waukegan Road, Glenview, Illinois, in violation of Sections 701(k) and 703(a) of Title VII, 42 U.S.C. Sections 2000e(k) and 2(a). Such unlawful

2

employment practices have included: 1) subjecting Charging Parties and a class of male employees to harassment and a hostile work environment because of their sex; 2) retaliating against some Charging Parties and a class of male employees by subjecting them to termination.

8.    The effect of the practices complained of above has been to deprive Charging Parties, and a class of male employees adversely affected by the discriminatory actions, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex and for opposing practices made unlawful by Title VII or for engaging in activities protected by Title VII.

9.    The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

10.    The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Charging Parties and a class of male employees because of their sex.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Glenview, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates because of sex.

B.    Grant a permanent injunction enjoining Glenview, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against any employee for opposing practices made unlawful under Title VII or for engaging in activities

3

protected by Title VII.

C.      Order Glenview to institute and carry out policies, practices and programs which eradicate the effects of its past and present unlawful practices.

D.      Order Glenview to make whole Charging Parties and the affected class by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement where appropriate.

E.      Order Glenview to make whole Charging Parties and the affected class by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, in amounts to be determined at trial.

F.      Order Glenview to make whole Charging Parties and the affected class by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

G.      Order Glenview to pay Charging Parties and the affected class punitive damages for their malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs in this action.

4

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory M. Gochanour
Supervisory Trial Attorney

Ethan M. M. Cohen
Trial Attorney

Ethan M. M. Cohen
A.R.D.C. No. 06206781
U.S. Equal Employment
    Opportunity Commission
500 W. Madison, Suite 2800
Chicago, Illinois 60661
(312) 353-7568