**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff, and** | ) | |
| **ELMER BETHANCOURTH, et al.** | ) | **No. 05 C 5568** |
| **Plaintiff-Intervenors,** | ) | |
| **v.** | ) | **Magistrate Judge Nolan** |
| | ) | |
| **GLENVIEW CAR WASH,** | ) | |
| **Defendant.** | ) | |

**EEOC'S BRIEF ON DISCOVERY DISPUTES CURRENTLY PENDING BEFORE THIS COURT**

In response to the request of the Court for briefing on discovery matters presented to the Court on April 25, 2006, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), states as follows:

## I. Defendant's Motion to Compel Discovery Regarding Immigration Status Should be Denied

Plaintiff-intervenors have already filed their response on this matter. EEOC defers to the Plaintiff-intervenors on this matter.

## II. Discovery of Sexual Orientation of the Harasser

### A. Sexual Orientation of the Harasser is Relevent

In 1998, the Supreme Court in *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998 affirmed that same-sex sexual harassment was actionable under Title VII. *Id*. at 79, 1001-1002. The Court emphasized that plaintiffs must show that harassment occurred because of sex and suggested three evidentiary routes for doing so. Plaintiffs may show credible evidence that the harasser was homosexual and therefore would not have made sexual proposals

to members of the opposite sex; plaintiffs may show that the harasser is motivated by general hostility to the presence of members of the same gender in the workplace; or a plaintiff may show that the harasser, in fact, only singled out members of one sex for harassment. *Id*. at 80-81, 1001. Many courts have acknowledged this holding: *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1008 (7th Cir. 1999); *DeLay v. Catalyst Technology Inc.*, 302 F.3d 474, 478 (5th Cir. 2002); *EEOC v. Trugreen, LP*, 122 F.Supp.2d 986, 989 (W.D. Wis 1999); *Jones v. Pacific Rail Services Corp.*, 2001 WL 127645, *1 (N.D.Ill.).

Since a plaintiff may show that same-sex harassment is "because of sex" by presenting "credible evidence" that the harasser is homosexual, it logically follows that the gender preference of the alleged harasser is relevent and may be inquired into.

**B. Precedent Regarding Discovery of Harassesr's Gender Preference**

As the *DeLay* court noted, however, the *Oncale* Court was silent as to how such evidence ought to be presented or obtained and little guidance may be obtained by looking at other precedent. *DeLay*, 302 F.3d at 478-479. The *DeLay* court did cite, approvingly, to the 7th Circuits approach in *Shepherd*. There, Judge Rovner noted that the three methods of proof outlined by the Supreme Court in *Oncale* were not meant to be exhaustive (*Shepherd* 168 F.3d at 1009), and that where the plaintiff shows that the harassment is infused to a high degree with sexual content, a jury may infer that the harassment was "because of sex." *Id*. at 1010. However, a jury is not *required* to make such an inference. *Id*.

Neither the *Shepherd* court nor the *DeLay* court opined on whether a plaintiff may inquire during discovery as to the sexual preference of the alleged harasser. The *DeLay* court did, however, provide two broad catagories of proof:

> It is not possible for us to specify all the possible ways in which a plaintiff might prove that an alleged harasser acted out of homosexual interest in him.

> Nonetheless, there are two types of evidence that are likely to be especially "credible" proof that the harasser may be a homosexual.
>
> The first is evidence suggesting that the harasser intended to have some kind of sexual contact with the plaintiff rather than merely to humiliate him for reasons unrelated to sexual interest. The second is proof that the alleged harasser made same-sex sexual advances to others, especially to other employees.
> 302 F.3d at 480.

The question remains: may a plaintiff show that "the harasser intended to have some kind of sexual contact with the plaintiff" by inquiring as to the harasser's gender preference? It would seem an odd situation where the fact to be proven is that the harasser is homosexual, but it may not be proven by an admission from the harasser.

EEOC was able to locate only four opinions which touched on the discovery of gender preference in a Title VII action. Two of these predated *Oncale* and are, thus, of limited instructional value. Of the two opinions issued after *Oncale*, one involves inquires into the *Plaintiff's* sexual preference and is again of little help in illuminating the issue before the court. All four are District Court opinions and arise outside the Seventh Circuit.

In *Vaughn v. Tammany Parish School Board*, 2006 WL 950109 (E.D.La.) (attached as Exhibit 1), plaintiff sought to compel answers to two requests to admit facts:

> No. 2: Admit or Deny that you ever desired to have sex or sexual relations with Plaintiff.
> No. 3: Admit or Deny that you have had sex or sexual relations with another man at any time during the period of your employment by the St. Tammany Parish School Board. *Id*. at *1.

The court denied plaintiff's motion. In doing so, the court was clearly concerned with the plaintiff's opposition to defendant's request for the answers, if compeled, to be filed under seal. This lead the court to suspect that the purpose of the requests was to harass and humiliate the alleged harasser. *Id.* at *2.

The stated bases for the court's denial of plaintiff's request "No. 2" also point out that the

actual inquires at issue are significantly different from the inquiry at issue in the case at bar. In *Vaughn* the court ruled that an inquiry into the harasser's "desires" was too vague to allow for an admission or denial, that an individual's private desires, which may incompase dreams and fantasies are entitled to the greatest protection of privacy, and finally, that desires are distinct from actions and individuals should not be presumed to act in a particular way due to their status or membership in a class. *Id.* at *3-*4. Here, the EEOC asks the Defendant to state the alleged harasser's sexual preference (which may be widely known), not for his private fantasies and dreams.

The *Vaughn* court refused to compel an answer to request "No. 3" because it was overly broad. The court noted that it asked if the harasser had sex with any man during a 40 year period. The court suggested that an inquiry more narrowly focused – presumably on whether the harasser had sex with any other male employee – might be appropriate. *Id.* at 4. Consequently, even the *Vaughn* court appears to contemplate a defendant being required to provide information which would likely force an alleged harasser to reveal their sexual preference.

In *Fitzpatrick v. QVC*, 1999 WL 1215577 (E.D.Pa.) (attached as Exhibit 2), the male plaintiff alleged harassment by his male supervisor. During the deposition of the plaintiff, defendant inquired as to whether plaintiff was a homosexual and to provide details about his last sexual relationship. Plaintiff refused to answer and defendant moved to compel answers. *Id.* at *1.

In denying defendant's motion, the *Fitzpatrick* court relied primarilyon Fed.R.Evid. 412(a)(2), (b)(2). This rule aims to protect the privacy of victims, not perpetrators. Defendant's alleged need for the information was that plaintiff's sexual orientation was "part of his psyche" and might have a bearing on damages. *Id.* at *2. The court, however, ruled that the plaintiff's

past sexual history was not relevent to whether he would be offended by the harasser's conduct. *Id.* at 3-4. EEOC generally agrees that victims of harassment ought not be required to divulge details of their sexual history.

In *Jones v. Army*, 147 F.R.D. 248 (D. Kansas 1993), the court granted a protective order prohibiting the plaintiff from inquiring into the alleged harasser's sexual preference (the motion was filed in response to a request for production of documents which asked for all regulations regarding the discharge of homosexuals from the Army and reports relating to those regulations – the alleged harasser was an Army captain) other than to inquire into other allegations of harassment. In so ruling the court stated:

> Federal law prohibiting racial and sexual harassment are wholly uninterested in the perpetrator's intent. Victims need establish neither the fault nor the discriminatory intent of their supervisors and/or co-workers to succeed under Title VII. Antidiscrimination law is concerned only with the effects of conduct and speech on victims from protected groups. *Id*. at 252.

EEOC believes that the court's ruling was appropriate based on the court's statement, in 1993, of the law regarding harassment. EEOC questions, however, whether the court's statement of the law is still accurate. Were EEOC to be assured that this was the current state of the law, it would not need to inquire into the sexaul preference of the harasser.

*Fair v. Guiding Eyes for the Blind*, 742 F.Supp. 151 (S.D. N.Y 1990) is an *opposite-sex* sexual harassment case based primarily on unwelcome conversations of a sexual nature, including allegations that the alleged harasser often referred to his own homosexuality. *Id.* at 153. In footnote 2 the court stated, "Plaintiff has made discovery motions to compel Mr. Yablonski to testify as to his sexual preference. We have denied these requests on the grounds that the sexual preference of Mr. Yablonski has no bearing in this case." *Id*. EEOC believes that this case simply does not provide any guidance on the issue currently before this Court.

**C. Conclusion**

EEOC does not believe that the sexual orientation of harassers *ought* to be a matter of concern in Title VII sexual harassment litigation. EEOC believes that the relevent question ought to be, as stated in *Jones, supra* and in *Doe v. City of Bellville*, 119 F.3d 563 (7th Cir 1997), was the victim subjected to conduct which created a hostile working environment for the victim. EEOC is concerned, however, that if it does not inquire as to the sexual orientation of the harasser it will be foregoing the most efficient and effective method of providing "credible evidence" that the harasser is a homosexual to the fact finder.

EEOC believes that should it be barred from making such inquires it would, at a minimum, and in the intrest of equity, be appropriate for this Court to issue an Order that Defendant may make no reference or allusion to the sexual orientation of the alleged harasser. That is to say, the harasser ought not be allowed to refer to prior or current relationships with women, to having any negative attitude toward sexually touching other men, or to in anyway suggest that due to his sexual preferences he would not have engaged in the conduct he is alleged to have engaged in. Nor should the Defendant be allowed to argue that when the harasser grabbed the victim's breasts or genitals, it was mere "horseplay." Were the Defendant to so argue, it would be necessary for the EEOC to present evidence that this grabbing was actually motivated by sexual desire and was not "horseplay." Showing that the harasser is homosexual would be a key piece of evidence in demonstrating that he was motivated by sexual desire.

Had Defendant provided EEOC with the facts which related to its defenses and denials, as it ought to have done in response to EEOC interrogatories, this issue might have been avoided.

Respectfully Submitted,

s/ Ethan M. M. Cohen
Ethan M. M. Cohen
Trial Attorney

Ethan M. M. Cohen
A.R.D.C. No. 06206781
U.S. Equal Employment
Opportunity Commission
500 W. Madison, Suite 2800
Chicago, Illinois 60661
(312) 353-7568

## CERTIFICATE OF SERVICE

Ethan M. M. Cohen, an attorney, hereby certifies that on May 2, 2006, he caused a copy of **Plaintiff EEOC's Brief On Discovery Disputes Currently Pending Before This Court** to be served on all parties via the Court's ECF system.

s/ Ethan M. M. Cohen
Ethan M. M. Cohen
Trial Attorney

Ethan M. M. Cohen
A.R.D.C. No. 06206781
U.S. Equal Employment
Opportunity Commission
500 W. Madison, Suite 2800
Chicago, Illinois 60661
(312) 353-7568

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 05 C 5568** |
| **v.** | ) | |
| | ) | **Magistrate Judge Nolan** |
| **GLENVIEW CAR WASH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF FILING

To:
Peter Andjelkovich & Assoc.
39 S. LaSalle St., Suite 200
Chicago, IL 60603

PLEASE TAKE NOTICE THAT on Tuesday, May 2, 2006, a copy of the EEOC's Response to Defendant's Motion to Compel Depositions was presented to the Honorable Magistrate Judge Nolan of the United States District Court for the Northern District of Illinois Eastern Division at 219 South Dearborn, Chicago, Illinois, 60604.

Dated: May 2, 2006

Respectfully Submitted,

s/ Ethan M. M. Cohen
Ethan M. M. Cohen
Trial Attorney

Ethan M. M. Cohen
A.R.D.C. No. 06206781
U.S. Equal Employment
Opportunity Commission
500 W. Madison, Suite 2800
Chicago, Illinois 60661
(312) 353-7568