**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | Case No. 05 C 5568 |
| | ) | Judge Ronald Guzman |
| v. | ) | |
| GLENVIEW CAR WASH, INC., | ) | |
| Defendant. | ) | |

**GLENVIEW'S REPLY TO MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS**

NOW COMES Defendant, Glenview Car Wash, Inc. ("Glenview"), through its attorneys, Peter Andjelkovich & Associates, and in reply to Plaintiff-Intervenor's Response to Defendant's Motion to Compel Elmer Bethancourth to Answer Deposition Questions and Plaintiff-Intervenor's Motion for a Protective Order ("Intervenor's Response") and EEOC's Brief on Discovery Disputes Currently Pending Before This Court ("EEOC's Response"), states as follows:

1. Currently pending before this court is Defendant's Motion to Compel Depositions of Noticed Plaintiffs ("Motion to Compel Depositions") and Defendant's Motion to Compel Plaintiff Elmer Bethancourth to Answer Deposition Questions ("Motion to Compel Deposition Answers"). Although both the EEOC and the individual Plaintiffs filed separate briefs responding to both motions in each response, only the individual Plaintiffs motion addresses the remaining open issues involving deposition questions not answered-income Plaintiffs claim to have earned while employed at Glenview.

**A. Income and Tax Return Questions**.

2. In his deposition, Bethancourth was asked three questions his counsel instructed him not to answer. They involve whether Bethancourth reported his tips he earned at Glenview on his tax return ("Motion to Compel Deposition Answers, Ex. A, p.9) and what portion of his Form W-2 reported earnings was income from tips. *Id*., p. 12.

3. Each question is directly related to proofs relating to Plaintiff Bethancourth's request for back pay and directly relate to his credibility. Although Plaintiffs now claim no lawyer in his deposition instructed the witness not to answer how much income Bethancourth earned in tips, each of the questions posed as described above relate directly to that issue, especially the questions relating to the portion of his Form W-2 reported earnings included income from tips.

4. A party is not required to simply rely on the word of an opposing party regarding his claim for damages and not be entitled to pursue other discovery which may undermine these answers. Bethancourth claims he received "a lot" of tips at Glenview (and therefore, his claim for back pay is higher). However, whatever the true "tips" Bethancourth actually earned would not be information known to Glenview because the exchange of tips would be a transaction occurring directly between Bethancourth and the customer.

5. Therefore, given every person's legal obligation to report income on his or her federal tax return and given his signature under oath that the tax returns are true and accurate, questions relating to what portion of his tax return involves tip income is highly relevant to testing the veracity of Bethancourth's claim that he made "a lot" of money in tips.

6. Plaintiffs' reliance on *Mardell v. Harleysville Life Ins. Co*., 31 F.3d 1221, 1228 (3d Cir. 1994) is significantly misplaced since the portion of *Mardell* cited by Plaintiffs dealt with the

issue of "after acquired evidence," not relevancy for purposes of discovery. Further, the very page of *Mardell* cited by Plaintiffs acknowledges that the Seventh Circuit, at that time, had adopted views on the subject directly opposite from the view adopted in *Mardell* and since that time, the Supreme Court in *McKennon v. Nashville Banner Publishing Co*., 513 U.S. 352, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995) has ruled that after acquired evidence is a viable defense to a plaintiff's damages.

WHEREFORE Glenview prays that this court grant Defendant's Motion to Compel Deposition Answers, for an award of attorneys fees and costs in presenting this motion under Fed. R. Civ. P. 37 (a), and for such further relief as the court deems equitable and just.

Respectfully Submitted,
**Glenview Car Wash, Inc.**

By: /s/ Bradley Wartman
One of its Attorneys

Peter Andjelkovich & Associates
Attorney for Defendant
39 S. LaSalle St, Suite 200
Chicago, Illinois 60603
312/782-8345

A:\Glenview\ReplyDepQuestions.wpd/BWdsk39