FILED
MAY 0 2 2006
ROI... ..U R. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | |
| **Plaintiff, and** | ) | |
| **ELMER BETHANCOURTH, et al.** | ) | **No. 05 C 5568** |
| **Plaintiff-Intervenors,** | ) | |
| **v.** | ) | **Hon. Judge Guzman** |
| | ) | |
| **GLENVIEW CAR WASH, INC.,** | ) | **Magistrate Judge Nolan** |
| **Defendant.** | ) | |

**PLAINTIFF-INTERVENORS' EMERGENCY MOTION FOR A CEASE AND DESIST ORDER PREVENTING DEFENDANT FROM INQUIRING INTO PLAINTIFF-INTERVENOR'S AND OTHER EMPLOYEES IMMIGRATION STATUS**

Plaintiff-Intervenors respectfully request an order directing Defendant, Glenview Car Wash, Inc. ("Glenview"), to cease and desist from demanding documentation regarding any of the employees' immigration status as a requirement for their continued employment. In support thereof, the Plaintiff-Intervenors state as follows:

1. On or about April 24, 2006, when Plaintiff-Intervenor Fidencio Antimo went to work, Defendant passed out applications to each of the employees of the Defendant, including Antimo, and ordered them to fill out the applications. This was the first time that Antimo was ever asked to fill out an employment application for the Defendant. The application asked each employee for his immigration status. Antimo and other employees filled out the applications and turned them back to the Defendant. Nothing more was said to Antimo regarding this application.

2. The Defendant has been incorporated to do business, and has been engaged in the car wash business in Illinois since at least 1988. As far as any of the Plaintiff-Intervenors are concerned, none has ever been asked to provide information or documentation regarding his immigration status. Not one of them has ever been requested to produce an immigration card.

The only questions that the Defendant had asked of any of the Plaintiff-Intervenors was whether they had a driver's license and auto insurance.

3. On May 1, 2006 at 2:53 p.m., counsel for Plaintiff-Intervenors received a letter via facsimile from Defendant's counsel demanding that it "immediately" be provided with a copy of Fidencio Antimo's driver's license, social security card and immigration card. Defendant's counsel purports this request as necessary in order "to be in compliance with all labor, Internal Revenue and immigration laws . . ." (Ex. 1, Andjelkovich letter 05/01/2006, attached hereto).

4. The EEOC has indicated that it intends to seek class action standing for the rest of the employees of the Defendant.

5. Defendant's request for copies of each of its employees' social security card and immigration card is nothing more than a thinly veiled retaliatory action by the Defendant in response to Plaintiff-Intervenor's lawsuit, and an attempt to intimidate Antimo and the other potential class members from participating in the litigation and chill their rights under Title VII.

WHEREFORE, Plaintiff-Intervenors respectfully request that this Court grant their motion in its entirety and order the Defendant to:

A. cease and desist from requesting any of the employees of the Defendant to produce copies of documents relating to their immigration status;

B. issue a letter to Defendant's employees in both English and Spanish (a) apologizing for circulating and collecting the applications; (b) advising the employees that this lawsuit is pending, (c) informing them of their Title VII rights, as well as their rights to be free from retaliation, (d) informing them that any information provided in the applications will not be used against them, and (e) informing the employees that if they feel that their rights have been violated, they can contact Ethan Cohen at the EEOC;

C. prohibit Defendant from using the applications themselves or anything contained in the applications as evidence during the trial of this matter.

D. immediately provide a copy of the applications to the EEOC and the Plaintiff-Intervenors;

E. reimburse the Plaintiff-Intervenors' for the attorneys' fees incurred related to the filing of this motion.

F. Such further or different relief as this Court deems proper and just.

Respectfully Submitted,

/s/ Marisel A. Hernandez

/s/ Sylvia Rios
Plaintiff-Intervenor's Attorneys

Marisel A. Hernandez
Sylvia Rios
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Ave., Suite 1720
Chicago, Illinois 60603-6145
(312) 372-1646

# Exhibit #1

PETER ANDJELKOVICH & ASSOCIATES
ATTORNEYS & COUNSELORS AT LAW
SUITE 200
39 SOUTH LA SALLE STREET
CHICAGO, ILLINOIS 60603
312/782-8345
FACSIMILE 312/782-6517

May 1, 2006

Ms. Sylvia Rios
Jacobs, Burns, Orlove, Stanton & Hernandez
122 South Michigan Avenue, Suite 1720
Chicago, IL 60603-6145

RE: **EEOC and Elmer Bethancourth, et al. v. Glenview Car Wash**
**Case No. 05 C 5568**

Dear Ms. Rios:

My client, Glenview Car Wash, Inc. has informed me that one of its employees, Fedencio Antimo has refused to provide it with a copy of his valid driver's license, social security card and immigration card. He indicated that you were in possession of this information.

In order for Glenview Car Wash, Inc. to be in compliance with all labor, Internal Revenue and immigration laws, we must have current information on each of its employees. Furthermore, it is a condition of employment for all workers to have a valid driver's license.

Please provide this information to me immediately.

Sincerely,

**PETER ANDJELKOVICH & ASSOCIATES**

By:____________________
Peter Andjelkovich

PA:ca

[redacted]