IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br> Plaintiff, and <br> ELMER BETHANCOURTH, et al. <br> Plaintiff-Intervenors, <br> v. <br><br> GLENVIEW CAR WASH, INC., <br> Defendant. | No. 05 C 5568 <br><br> Hon. Judge Guzman <br><br> Magistrate Judge Nolan |

## CONSENT DECREE

### The Litigation

1. Plaintiff, Equal Employment Opportunity Commission (hereafter the "EEOC"), filed this action on September 27, 2005, alleging that Defendant Glenview Car Wash, Inc. ("Glenview" or "Defendant") discriminated against three (3) Charging Parties ("Charging Parties") and a class of male employees who did not file charges ("the claimants"), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A, by subjecting them to harassment and a hostile work environment because of their sex. On October 20, 2005, the Charging Parties, Elmer Bethancourth, Diego Perez and Fidencio Antimo (collectively "Charging Parties"), intervened in this action and are represented by private counsel. Defendant filed answers to the complaints denying the allegations. As a result of the parties having engaged in settlement discussions, the parties have agreed that this action should be finally resolved by entry of this Consent Decree. This Consent Decree is intended to and does fully and finally resolve any and

1

all claims arising out of the Complaint.

### Findings

2. Having examined the terms and provisions of this Consent Decree and based on the pleadings, records, and stipulations of the parties, this Court finds the following:

A. This Court has jurisdiction over the subject matter of this action and over the parties.

B. The terms and provisions of this Consent Decree are fair, adequate, reasonable, equitable and just. The rights of the parties, the claimants and the public are adequately protected by this Consent Decree.

C. This Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interest of the parties, the claimants and the public.

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

### Non-Discrimination

3. Glenview is enjoined from discriminating against employees on the basis of sex and shall comply with Title VII.

### Non-Retaliation

4. Glenview, its officers, agents, employees, successors, and assigns shall not retaliate against, penalize or otherwise prejudice any employee, former employee or applicant for employment because such person has opposed any practice made unlawful by Title VII; filed a Complaint or Charge of Discrimination; testified, assisted, or otherwise participated in any manner in any investigation, proceeding, hearing or litigation under Title VII; asserted any right

under this Consent Decree; or otherwise exercised his or her rights under Title VII.

### Monetary Relief

5. a) Glenview shall pay the gross sum of one hundred twenty five thousand five hundred dollars ($125,500), to resolve the claims of the Charging Parties and the claimants who did not file charges, inclusive of attorneys' fees and costs. This sum shall be distributed in the amounts indicated in the Release Agreements provided to Glenview by the Charging Parties and the EEOC, and equal in the aggregate one hundred twenty five thousand five hundred dollars ($125,500). Of this amount, an aggregate of twenty three thousand dollars ($23,000) shall be paid to the claimants who did not file charges.

b) Payment to the Charging Parties shall be in a manner and on terms separately agreed to by Defendant and the Charging Parties and by their counsel, the firm of Jacobs, Burns, Orlove, Stanton & Hernandez ("Hernandez"), on behalf of the Charging Parties. EEOC has had no role in negotiating, is not a party to, and has not approved the terms of the release agreement entered into by the Charging Parties who have been counseled by Hernandez with respect thereto.

c) Within ten (10) days of the entry of this Decree, EEOC shall mail to each EEOC claimant a letter informing them of the settlement (Exhibit B, attached) and a blank release (Exhibit C, attached).

d) Within ten (10) business days after receipt by Glenview of a Release Agreement in the format of Exhibit C from an EEOC claimant, Glenview shall issue and mail by certified mail to each such claimant, a check in the amount indicated on the release, payable to the order of such claimant to the address indicated on the release, as settlement of this case by

the EEOC, with a copy to the EEOC.

   e) Except as otherwise provided for in the agreement between Defendant and the Charging Parties referred to in paragraph 5(b), above, payment to the Charging Parties and the claimants shall not be deemed to be for lost wages. Defendant shall not make withholdings and shall issue 1099 forms to the Charging Parties and claimants no later than January 30, 2007. The 1099 forms shall bear the Social Security number and be mailed to the address shown on the release agreements signed by the Charging Parties and claimants.

## Notice Posting

  6. Within ten (10) days after the Court's entry of this Consent Decree and for the duration of this Decree, Glenview shall continuously post the notice annexed hereto as Exhibit A, along with a Spanish translation to be provided by EEOC (the notice and its translation shall, hereinafter, be referred to collectively as "the Notice"), in a location prominently visible to Glenview employees. Within ten (10) days after the Consent Decree is entered, Glenview shall certify in writing to the Chicago District Office of the EEOC that the Notice has been posted, and shall inform the EEOC of the location where it has been posted. Glenview shall permit a representative of EEOC to enter Glenview's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

## Record Keeping and Reporting

  7. Glenview shall maintain records of any complaints, formal or informal, oral or in writing, it receives relating to harassment based on sex, including the name, address, telephone number and date of birth of the complainant and what was alleged, its investigation and any action taken by Glenview in response to such complaints, for the duration of the Consent Decree.

8.  Beginning six (6) months after entry of this Consent Decree and every six (6) months thereafter for the duration of the Consent Decree, Glenview shall furnish EEOC with reports reflecting the information detailed in the records described in Paragraph 7 of this Consent Decree. Glenview's last report will be submitted to EEOC two (2) weeks prior to the date on which the Decree is to expire.

9.  For the term of the Consent Decree and upon five (5) business days' notice to Glenview, the EEOC, when it has reasonable cause to believe Glenview is not in compliance with the terms of this Consent Decree, shall have access to Glenview's facility during normal business hours to review and copy any documents related to determining compliance at its facility and to interview any personnel employed by Glenview for the purpose of determining Glenview's compliance with the terms of this Consent Decree.

## Training

10. During each of the two (2) years covered by this Decree, Glenview shall arrange for annual training of all employees, including supervisors and managers, regarding the requirements of Title VII and Glenview's policies prohibiting discrimination under Title VII. Glenview shall submit to EEOC for approval, materials regarding the training sessions, including the credentials of the trainer and proposed training program, prior to such training. Within five (5) days after the completion of the training described above, Glenview will certify to EEOC that the training has been completed, the name(s) of the person(s) conducting the training, the time(s), duration and date(s) the training were held and a list identifying by name and position all individuals who received the training. The first training shall take place within forty-five (45) days after entry of this Consent Decree.

### Duration of Decree/Retention of Jurisdiction

11. The terms of this Consent Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years from the date on which this Consent Decree is entered, provided, however, that if, at the end of the two (2) year period, there are disputes that remain unresolved, and written notice is given by the party claiming that such dispute(s) remain unresolved, the term of the Decree shall be automatically extended until such time as all such disputes have been resolved.

### Costs and Attorneys' Fees

12. Each party to this action shall bear its own attorney's fees, costs, and expenses.

### Dispute Resolution

13. If EEOC has reasonable cause to believe that Defendants have violated any of the terms of this Consent Decree, EEOC shall notify Defendants in writing, and Defendants will then have ten (10) business days in which to satisfy EEOC that there has not been a violation or that the violation has been corrected. If, at the expiration of such time period, EEOC has not been so satisfied, then EEOC may immediately apply to the Court for appropriate relief.

### Miscellaneous Provisions

14. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Glenview. Glenview, and any successor of Glenview, will provide a copy of this Decree to any organization which proposes to acquire or merge with Glenview, or any successor of Glenview, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court of contempt for a violation of this Decree.

15. When this Consent Decree requires the submission by Defendants of reports, notices, or other materials to the Commission, such materials shall be mailed to: Glenview Settlement, Equal Employment Opportunity Commission, Chicago District Office, Legal Division, 500 West Madison, Suite 2800, Chicago, Illinois 60661.

**ENTERED AND APPROVED FOR:**

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507


James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7568

_____
John C. Hendrickson      Date
Regional Attorney

_Diane Smason_ 6/29/06
Diane I. Smason         Date
Supervisory Trial Attorney

_Ethan Cohen_ 6/29/06
Ethan M. M. Cohen       Date
Trial Attorney


DATE: 7/5/06

For GLENVIEW CAR WASH, INC.:

_Kathleen J. Cook_ 6/26/06
Kathleen Cook           Date
President, The Glenview Car Wash, Inc.
1820 Waukegan Road
Glenview, Illinois 60025


For ELMER BETHANCOURTH, DIEGO
PEREZ and FIDENCIO ANTIMO

_Marisel Hernandez_ 6/28/06
Marisel Hernandez       Date
Jacobs, Burns, Orlove, Stanton & Hernandez
122 S. Michigan Ave., Suite 1720
Chicago, IL 60603


ENTER:

_Ronald A. Guzman_
The Honorable Ronald A. Guzman
United States District Court Judge

8

## EXHIBIT A

## NOTICE TO ALL GLENVIEW CAR WASH, INC. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Glenview Car Wash, Inc., No. 05 C 5568 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Glenview Car Wash, Inc. ("Glenview").

In its suit, the EEOC alleged that Glenview discriminated against a class of male employees, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A, by subjecting them to harassment and a hostile work environment because of their sex. Glenview filed an answer to the suit in which it denied the allegations.

To resolve the case, Glenview and the EEOC have entered in to a Consent Decree which provided, among other things, that:

1) Glenview pay monetary damages totaling $125,500 to a class of employees;
2) Glenview will not discriminate on the basis of sex;
3) Glenview will not retaliate against any person because he or she opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree;
4) Glenview will train all employees, including management and supervisory employees, regarding their duties and obligations under Title VII.

The EEOC enforces the federal laws against discrimination in employment on the basis of sex, race, color, religion, national origin, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has employees who speak languages other than English. If you believe you have been discriminated against you may contact the EEOC.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Glenview Settlement, EEOC 500 West Madison Street, Suite 2800, Chicago, Illinois 60661.**

_____  
Date

_____  
Hon. Ronald A. Guzman  
United States District Court Judge

9

## LETTERHEAD
## EXHIBIT B

_____, 2006

XXXXXXXX
XXXX St.
XXXXX, XX XXXXX

      Re:    <u>EEOC v. Glenview, Corp.</u>,
               No. 05 C 5568 (N.D. Ill.)

Dear Mx. XXXXXX:

      A Consent Decree resolving the above-referenced lawsuit was signed by the parties and entered by the Court on _____, 2006. Pursuant to the terms of the Consent Decree, enclosed you will find a copy of a Release to be signed by you.

      In order to obtain any monetary relief under the Consent Decree in this case, you must sign the Release and return it to me. Please mail the signed Release to me as soon as possible at the following address:

      Ethan M. M. Cohen
      Equal Employment Opportunity Commission
      500 West Madison Street, Suite 2800
      Chicago, Illinois 60661

      I have enclosed a pre-addressed envelope for your convenience. You may, of course, wish to make and keep a copy of the signed Release for your own records.

      If you have any questions about the Release or cannot sign and return the enclosed document within fourteen days, please contact me at (312) 353-7568.

                                        Sincerely,

                                        Ethan M. M. Cohen
                                        Trial Attorney

Encls.

## **EXHIBIT C**

## **RELEASE AGREEMENT**

I, *XXXXXXX*, in consideration for $*XX*,000 paid to me by Glenview Car Wash, Inc., in connection with the resolution of <u>EEOC v. Glenview Car Wash, Inc.</u>, No. 05 C 5568 (N.D. Ill.), waive my right to recover for any claims of sex discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u>, that I had against Glenview Car Wash Inc. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in <u>EEOC v. Glenview Car Wash, Inc.</u>, No. 05 C 5568 (N.D. Ill.).


_____      _____
Date                                             *XXXXXXX*
                                                       Street Address
                                                       City, State, Zip Code


_____
Social Security Number